UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Armand Coryea, II,                                    Civil No. 06-2003 (JMR/FLN)

        Petitioner,

    v.                                                        **REPORT AND RECOMMENDATION**

R.L. Morrison, Warden,

        Respondent.

_____

*Pro Se* Petitioner.
Michael L. Cheever, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1]. This Court issued an Order directing the Respondent to Show Cause as to why Petitioner's Writ should not be granted [#4]. Respondent filed a response in partial opposition to Petitioner's petition [#5]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Petitioner's application be denied.

## I. BACKGROUND

Petitioner James Armand Coryea, II, (hereinafter "Petitioner") is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota (hereinafter "FPC-Duluth"). On July 14, 2005, Petitioner was sentenced in the District of Minnesota, by the Honorable Paul Magnuson to 21-months imprisonment for tax fraud. Petitioner began serving his sentence on August 15, 2005. Petitioner filed the current petition alleging that the Bureau of Prisons (hereinafter "BOP") has

wrongly determined the date when he should be transferred to a Residential Reentry Center (hereinafter "RRC").[1]  Petitioner seeks an order from the Court directing the BOP to consider him for additional halfway house placement and home confinement pursuant to the factors under 18 U.S.C. § 3621(b), without regard to 28 C.F.R. §§ 570.20-21.

Petitioner also claims that he has an extraordinary situation that justifies halfway house release and home confinement.  (Pet. at 2.)  Petitioner alleges that his wife and son are ill, his house is in foreclosure, and there is no one but himself to pay the bills or the health insurance premiums.  (Pet. at 2.)  In addition, Petitioner alleges that his extended family relies on him for support and that there is no one else to take care of his wife, his son, and his extended family.  (Pet. at 2.)  Petitioner argues that "Respondents have recently adopted a policy whereby they will grant each inmate up to six months home confinement or halfway house, and will go beyond that date based on extraordinary circumstances."  (Pet. at 2.)  Petitioner alleges that, "[b]ased on current law . . . his situation requires that he be immediately released to [a] Halfway House."  (Pet. at 2.)

On April 6, 2006, the Court of Appeals for the Eighth Circuit struck down the BOP's regulations in 28 C.F.R. §§ 570.20-21.  *See Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006).  As a result of the *Fults* decision, the BOP changed its policy and will now consider prisoners for placement in a RRC, consistent with 18 U.S.C. § 3621(b), upon their initial placement in confinement and again approximately "11 to 13 months before the inmate's projected release date."  BOP Program Statement 7310.04 at 7.  As a result of this policy change, the government does not oppose the present petition "to the extent it seeks to require the BOP to make any determination of

---

[1] RRC's have also been known as Community Correction Centers (CCCs) and are commonly referred to as halfway houses.  (*See* Declaration of David Baker (hereinafter "Baker Decl.") n.1.)

petitioner's eligibility for RRC placement without regard to 28 C.F.R. §§ 570.20 and 570.21."

(Mem. in Opp. at 3.)

Petitioner has been re-evaluated under the pre-2002 policy using the criteria set forth in 18

U.S.C. § 3621(b), without regard to 28 C.F.R. §§ 570.20-21. Baker Decl. ¶ 4. Petitioner's projected

release date is February 24, 2007. Baker Decl. ¶ 5. Under the rule that the BOP followed before

the *Fults* decision, Petitioner's RRC date was January 1, 2007, 54 days before his release date.

Baker Decl. ¶ 5. Upon reconsideration, it was the recommendation of Petitioner's Unit Manager that

Petitioner receive 90 to 120 days of RRC placement. Baker Decl. ¶ 5. Petitioner has not made a

formal request for compassionate release, and he has not exhausted his administrative remedies

concerning his individual assessment for halfway house placement. Baker Decl. ¶ 6.

## II. DISCUSSION

### A.   The Petition is Denied as Moot Insofar as it Attempts to Require the BOP to Make a Determination of Petitioner's Eligibility for RRC Placement Without Regard to 28 C.F.R. §§ 570.20 and 570.21

The government does not oppose the present petition "to the extent it seeks to require the

BOP to make any determination of petitioner's eligibility for RRC placement without regard to 28

C.F.R. §§ 570.20 and 570.21." (Mem. in Opp. at 3.) Furthermore, Petitioner has been re-evaluated

under the pre-2002 policy under the criteria set forth in 18 U.S.C. § 3621(b), without regard to 28

C.F.R. §§ 570.20-21. Upon reconsideration, it was the recommendation of Petitioner's Unit

Manager that Petitioner receive 90 to 120 days of RRC placement. Baker Decl. ¶ 5. Therefore, to

the extent that the Petition seeks to require the BOP to make a determination of Petitioner's

eligibility for RRC placement without regard to 28 C.F.R. §§ 570.20 and 570.21, the petition is

denied as moot.

**B.      Petitioner's Request for Immediate Transfer to A RRC or Home Confinement Should be Denied.**

In the present case, Petitioner asserts that extraordinary circumstances exist that justify immediate placement in a halfway house or home confinement.  Specifically, Petitioner asserts that his wife and son are very ill and have no one to support them or pay health insurance premiums. (Pet. at 2.)  Petitioner also asserts that his extended family relies on him for support, and that there are no other family members who can support his extended family.  (Pet. at 2.)  While Petitioner makes these assertions in his petition for a writ of habeas corpus, Petitioner does not support these assertions with any documentation of the above extraordinary circumstances.

Assuming without deciding that Petitioner's challenge to the BOP's denial of compassionate release is properly brought under 28 U.S.C. § 2241, this Court recommends that the petition be denied.  Pursuant to 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment once it has been imposed."  One exception to this rule is the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), which states:

> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c)(1)(A).

In the present case, the Director of the BOP has not exercised his discretion  to utilize the compassionate release statute, as the Director of the BOP has not made a motion in the present case pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  It is clear from the text of the statute that modification of

-4-

a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is only permitted when the Director of the BOP

has filed a motion requesting such modification.  *See Morales v. United States*, 353 F.Supp.2d 204,

205 (D.Mass.2005).  Therefore, this Court has no statutory authority to consider Petitioner's request

for compassionate release, and accordingly recommends that the petition for a writ of habeas corpus

[#1] be denied.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**

that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED,** and that this action be

**DISMISSED WITH PREJUDICE.**


DATED: November 22, 2006                    s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with
the Clerk of Court and serving on all parties, on or before **December 12, 2006**, written objections
which specifically identify the portions of the proposed findings or recommendations to which
objection is being made, and a brief in support thereof. A party may respond to the objecting party's
brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten
pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court,
and it is, therefore, not appealable to the Circuit Court of Appeals.